UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-21550-CIV-KING/GARBER

NIGHT BOX
FILED

JUN 0 9 2006

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

PAUL R. MARCUS,

        Plaintiff,

vs.

GARLAND, SAMUEL & LOEB, P.C. and
EDWARD T.M. GARLAND,

        Defendants.
_____/

### DEFENDANTS GARLAND, SAMUEL & LOEB, P.C. AND EDWARD T.M. GARLAND's REPLY MEMORANDUM IN SUPPORT OF MOTION FOR FINAL SUMMARY JUDGMENT

    Defendants, Garland, Samuel & Loeb, P.C. and Edward T.M. Garland, file this Reply Memorandum in Support of their Motion for Final Summary Judgment.

    Plaintiff's memorandum in opposition raises no genuine issues of material fact in dispute upon which summary judgment should be precluded. Specifically, Plaintiff does not dispute the core contentions upon which Defendants' Motion for Summary Judgment is based:

1. That the alleged oral agreement to divide fees on a percentage basis that Plaintiff seeks to enforce was not a written agreement with the client, and therefore violates Rule 4-1.5(g) of the Florida Rules of Professional Conduct; and

2. That the oral agreement Plaintiff alleges was intended and expected to last for more than one year.

The alleged oral agreement is void as against public policy and unenforceable under Florida law because of the former; enforcement is barred by the Florida statute of frauds because of the latter.



FERRELL

Because there is no genuine issue of material fact in dispute as to these issues, final summary judgment is appropriate on both pursuant to Rule 56, Federal Rules of Civil Procedure.

1. **Plaintiff's Statement of Fact**

Plaintiff expends several pages of his memorandum setting forth his version of the facts as to whether there was an agreement between him and Mr. Garland to divide attorney's fees on a 1/3 basis for Plaintiff's "participation," arguing that "there are genuine issues of material fact relating to the participation agreement at issue between the parties." Mem. Opp. at 7. Defendants deny Plaintiff's version of what happened or that there was ever any such agreement to divide fees as Plaintiff contends, and agrees there are issues of fact in dispute as to whether any such agreement was made. But that issue is for trial (if necessary) where Defendants will demonstrate the numerous inconsistencies, anomalies, and discrepancies, if not downright falsehoods, in Plaintiff's story. This Motion is not premised upon the contention that no such agreement existed. Rather, as stated in the Motion itself, it is premised upon the contention that even accepting Plaintiff's version of the events as true, the alleged oral agreement violates the Florida Rules of Professional Conduct and is therefore void as against public policy; and barred by the Florida statute of frauds as an oral agreement intended to last more than one year. Plaintiff's factual contentions as to whether Mr. Garland made such an agreement is simply irrelevant for purposes of this Motion, and nothing relevant will be accomplished by controverting or discussing these factual assertions here.

What is relevant is that Plaintiff controverts <u>none</u> of the facts set forth by Defendants. Pursuant to Rule 7.5.D., Local Rules of the Southern District of Florida, "All material facts set forth in the movant's statement filed and supported as required by Local Rule 7.5.C will be deemed admitted unless controverted by the opposing party's statement, provided the Court finds that the movant's statement is supported by evidence in the record." As none of Defendants' factual statements have been controverted by Plaintiff, and as they are supported by evidence in the record, Defendants' factual allegations are deemed admitted for purposes of this Motion.

## 2. There is No Dispute That the Alleged Oral Agreement Violates the Florida Rules of Professional Conduct. It is Therefore Void and Unenforceable as Against Public Policy.

Plaintiff does not dispute that the oral agreement he claims was made wholly fails to comply with the requirements of the Florida Rules of Professional Conduct. Plaintiff does not dispute that as a member of the Florida Bar, he was bound by the Florida Rules of Professional Conduct. Plaintiff does not dispute that a written agreement with the client disclosing the division of fees was required by Rule 4-1.5(g); Plaintiff does not dispute that there was no such written agreement; nor does Plaintiff dispute that the client was never even apprised of the alleged oral agreement that 1/3 of the money he paid to Defendants was to be paid to an attorney whom he hardly knew, who was not a criminal defense lawyer, who was not admitted in the Middle District of Florida, and who played virtually no part in his criminal defense.

Rather, Plaintiff seems to argue that this utter failure to comply with the ethical rules is excused because it was *Defendants'* responsibility that no written agreement was made, and that Plaintiff had no responsibility for disclosing the alleged agreement to "his client" and ensuring compliance with the ethical rules – because "[f]or the Plaintiff to have interfered with the representation of Jacobson by having a fee dispute during the ongoing case would have been a case violation of the Florida Rules of Professional Conduct and/or would have prejudiced Jacobson." Memo. Opp. at 10.

Even taking this bizarre assertion on its face[1]; there is no genuine issue of disputed fact because even if true, the alleged agreement is a still a violation of the Florida Rules of Professional Conduct and therefore void and unenforceable under Florida law.

---

[1] How would disclosure of the supposed fee-splitting agreement have interfered with the representation of Mr. Jacobson if Plaintiff (who alleges that Mr. Jacobson was his client) was supposedly representing him? Why would Plaintiff have supposed there was a "fee dispute" if, as he claims, such an agreement was actually made? Why would it be a "case violation" of the Rules of Professional Conduct for Plaintiff to inform Mr. Jacobson – "his client" – of the terms of the alleged agreement to divide the fee with Plaintiff – *which is required by the Rules of Professional Conduct*?

Page 3

In the first instance, Plaintiff provides no authority whatsoever for the proposition that an otherwise unenforceable oral agreement to divide fees between law firms can be made enforceable simply based upon the claim that it is the referred-to attorney's responsibility to ensure the provisions of the Rules of Professional Conduct are complied with. The Rule itself does not recognize any such exception – to the contrary, the Rule mandates that in such cases "each lawyer assumes joint legal responsibility for the representation ..." Rule 4-1.5(g)(2)(A).

Nor would such an exception be cognizable with the spirit and intent of the ethical rules. If an attorney could enforce an otherwise unenforceable, unlawful, oral fee-splitting agreement merely by claiming that it was the *other* attorney's responsibility to have the agreement put in writing, the effect of the rule would be eviscerated by the exception, as that claim could always be asserted.

The Florida Supreme Court has made clear that such exceptions are not to be countenanced:

> As we stated in *Florida Bar v. Rubin*, 709 So. 2d 1361, 1364 (Fla. 1998), "this Court expects strict compliance with . . . rules requiring a client's written consent to an attorney's fee regardless of the circumstances involved. These requirements must be diligently adhered to and enforced in order . . . to preserve public confidence in the legal profession."

*The Florida Bar v. Carson*, 737 So. 2d 1069, 1072 (Fla. 1999) (emphasis added).

In fact, Plaintiff's assertion undermines his own claim. Plaintiff's argument that he had no responsibility for ensuring that the fee-splitting agreement he alleges complied with the Rules of Professional Conduct admits that Plaintiff did not assume joint legal responsibility for the representation. As Rule 4-1.5(g)(2)(A) requires that each lawyer assumes joint legal responsibility for the representation, the agreement Plaintiff alleges he made independently fails to comply with the ethical rules on that basis, as he contends he did not have responsibility to make sure the alleged fee agreement comported with the Rules of Professional Conduct.

Finally, Plaintiff appears to argue that even though the alleged oral agreement he seeks to enforce admittedly violates the Rules of Professional Conduct, it is nonetheless enforceable, arguing that "flawed" fee agreements can be enforceable. While there is authority for the

proposition that mere technical or insignificant violations of the rules does not invalidate otherwise compliant agreements (see, e.g. *State Contr. & Eng'g Corp. v. Condotte Am., Inc.*, Case No. 97-7014-CV-Dimitrouleas/Torres, 2004 U.S. Dist. LEXIS 28600, *54, *65 (S.D. Fla. 10/24/2004) as cited in Defendant's initial Motion, at p. 13), the alleged oral agreement Plaintiff seeks to enforce here presents no mere "flaw" in the compliance with the Rules of Professional Conduct. The failure to put an agreement in writing when the Rules of Professional Conduct requires a written agreement constitutes an essential failure to comply with the requirements. The failure is not to cross a "t" or dot an "i"; it is the omission of any writing whatsoever to set forth the terms of any supposed agreement.

Defendants presented in their initial Motion unequivocal Florida legal authority that oral fee agreements required to be in writing are void as against public policy and unenforceable. Motion at 12. None of the authority Plaintiff cites stands in contradiction to those decisions. Plaintiff's citation to *In re Amendments to the Rules Regulating the Florida Bar*, 519 So. 2d 971, 975 (Fla. 1987) does not support him. The provision cited, "enforceability of fee contracts," deals with the language that was codified in 4-1.5(d), which states: "contracts or agreements for attorney's fees between attorney and client will ordinarily be enforceable according to the terms of such contracts or agreement, *unless* found to be illegal, ... *prohibited by this rule*, or clearly excessive as defined by this rule." This rule itself says that agreements "prohibited by this rule" are unenforceable. Rule 4-1.5(g)(2) prohibits oral agreements for a percentage division of fees between firms because it explicitly requires such agreements to be by written agreement with the client.

*State Contr. & Eng'g Corp. v. Condotte Am., Inc.*, 368 F. Supp. 2d 1296 (S.D. Fla. 2005) and *Lackey v. Bridgestone/Firestone, Inc.*, 855 So. 2d 1186 (Fla. 3d DCA 2003), cited by Plaintiff, both involved a dispute between the client and lawyer over the fee. In both cases there were written agreements that were argued to contain violations of the requirements of the Rules. In the former case, the violation was deemed minor, 368 F. Supp. at 1304-05; and in the latter case, the Court enforced the complying parts of the agreement and severed the non-complying

parts, stating: "Although the non-complying clauses on other matters are unenforceable, they do not render the agreement void. Therefore, the offending provisions may be severed allowing for enforcement of the agreement." 855 So. 2d at 1188.

*Franklin & Marbin, P.A. V. Mascola*, 711 So. 2d 46 (Fla. 4th DCA 1998), also cited by Plaintiff, involved a question regarding enforcement of a written fee agreement between a law firm and client after the law firm withdrew, *id.* at 47-48, and does not relate to or support the proposition that an oral agreement that was required to be in writing may be enforced. Finally, in *Corvette Shop & Supplies, Inc. v. Coggins*, 779 So. 2d 529, 530 (Fla. 4th DCA 2000), the losing party in the underlying lawsuit was required to pay the winner attorney's fees pursuant to statute and challenged the obligation to pay the winner's attorney's fees on the grounds that the winner's contingent fee agreement was not reduced to writing until after the trial (but before judgment was entered). The Court noted that the *Chandris* rule "is intended to protect the client and is not intended to shield a nonprevailing party from the payment of attorney's fees," and affirmed the award of fees against the nonprevailing party. *Id.* at 530.

None of these cases relied upon by Plaintiff suggest that the complete failure to have a fee agreement put in writing when expressly required by the Rules of Professional Conduct is otherwise excusable. What Plaintiff is claiming in this case does not present a minor or technical violation of the Rule. The alleged oral agreement Plaintiff seeks to enforce presents a total and complete violation of the Rules of Professional Conduct. The Florida Bar and Supreme Court deemed disclosure to a client of an agreement to divide fees so important that Rule 4-1.5(g)(2) was created, requiring that such an agreement be in a written agreement with the client. Not only was there no written agreement here, but there was no consent, in writing or otherwise. The client *was never aware that the supposed agreement Plaintiff alleges existed*. Jacobson Affidavit (Motion, Ex. 1) at ¶ 14. This is not a mere "flaw" in the compliance with the ethical Rule -- the Rule could not have been any more violated based upon what Plaintiff claims.

Plaintiff, who under Rule 4-1.5(g)(2)(A) was obligated to assume joint legal responsibility for the client's representation, is not excused by claiming the failure to inform "his

client" was not his responsibility. The Florida Supreme Court has made it clear that strict compliance with the rules requiring written agreements is required for the protection of the public, and has stated unequivocally that oral agreements that do not comply are against public policy and are void and unenforceable. There are no genuine issues of material facts in dispute. The alleged oral agreement Plaintiff is trying to enforce is against the public policy of the State of Florida, and is therefore void and unenforceable. Final summary judgment is warranted as a matter of law.

3. **There is No Dispute That the Agreement Plaintiff Alleges was Intended to Last for More Than One Year. It is Therefore Barred by the Statute of Frauds**.

Plaintiff does not contest that the oral agreement he alleges was intended and expected to last more than one year. Therefore, the alleged oral agreement falls within the Florida statute of frauds (Fla. Stat. § 725.01), and is barred.

Plaintiff asserts there are "a number of factual reasons and legal reasons why" the statute of frauds does not apply. Plaintiff asserts "these facts include; the attorneys' fee was paid in less than a year by Jacobson; the Defendants acknowledged the referral of Jacobson to Garland in writing within a year; and the Defendants made a partial payment to the Plaintiff." Mem. Opp. at 11. Other than making these conclusory assertions, Plaintiff presented no argument or authority as to how these "facts" make the statute of frauds inapplicable to this alleged oral agreement (see Local Rule 7.1, requiring memorandum of law citing supporting authorities). The fact that Mr. Jacobson paid attorney's fees to Mr. Garland is of no moment to whether an alleged oral agreement intended to last for more than a year between Mr. Garland and Plaintiff is within the statute. Nor is the fact that Mr. Garland acknowledged a referral in writing. Acknowledging a referral, even if that were deemed an admission of fact as opposed to belief at the time, is not the same as the alleged agreement to divide fees being in writing and "signed by the party to be charged therewith" as is required by the statute of frauds.

Finally, to the extent that Plaintiff seems to be arguing partial payment as a basis for excepting application of the statute of frauds, this argument fails because 1) Mr. Garland's

sending Plaintiff $5000.00 for a referral does not suggest partial payment of an agreement to a 1/3 division of fees, and 2) even if it did, Florida law rejects the proposition that partial performance makes enforceable an oral agreement that is otherwise barred by the statute of frauds. *See Dwight v. Tobin,* 947 F.2d 455, 459 (11th Cir. 1991) (applying Florida law; and holding that part performance does not remove an oral contract from the operation of the statute of frauds in an action for damages); *Collier v. Brooks,* 632 So. 2d 149, 157 (Fla. 2d DCA 1994) (citing numerous Florida cases for the proposition that the doctrine of part performance does not remove the bar of the statute of frauds from actions for damages based upon breach of oral contracts).

Plaintiff argues that because "Plaintiff does not allege that the Defendants promised to pay the debt of another person," the Statute of Frauds is inapplicable. Memo. Opp. at 11. While it is true that Plaintiff does not allege that, and it is also true that the statute of frauds bars oral promises to pay the debt of another; this argument is specious. The statute of frauds bars several different types of oral agreements, such as those "made upon consideration of marriage" and contracts for the sale of land.[2] Defendants are not relying upon the provision of the statute which bars oral agreements which "charge the defendant upon any special promise to answer for the

---

[2] The statute of frauds, Fla. Stat. § 725.01, in its entirety:

**Promise to pay another's debt, etc.**--No action shall be brought whereby to charge any executor or administrator upon any special promise to answer or pay any debt or damages out of her or his own estate, or whereby to charge the defendant upon any special promise to answer for the debt, default or miscarriage of another person or to charge any person upon any agreement made upon consideration of marriage, or upon any contract for the sale of lands, tenements or hereditaments, or of any uncertain interest in or concerning them, or for any lease thereof for a period longer than 1 year, or upon any agreement that is not to be performed within the space of 1 year from the making thereof, or whereby to charge any health care provider upon any guarantee, warranty, or assurance as to the results of any medical, surgical, or diagnostic procedure performed by any physician licensed under chapter 458, osteopathic physician licensed under chapter 459, chiropractic physician licensed under chapter 460, podiatric physician licensed under chapter 461, or dentist licensed under chapter 466, unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by her or him thereunto lawfully authorized.

debt, default or miscarriage of another person," but upon the provision that bars "any agreement that is not to be performed within the space of 1 year from the making thereof."

Finally, Plaintiff maintains that attorney's fee agreements are not barred by the statute of frauds, citing an Idaho case, *Beaupre v. Kingen*, 710 P.2d 520 (Idaho 1985). Putting aside the significant fact that *Beaupre* is not a Florida case which does not address the Florida version of statute of frauds, *Beaupre* makes no such holding. The issue in *Beaupre* was not even about an attorney's fee agreement, but about an oral agreement by two business co-owners to reimburse a third co-owner for attorney's fees he paid on behalf of the business. *Id.* at 521-522. The issue in *Beaupre* is whether the alleged oral agreement between the co-owners was barred by the Idaho statute of frauds provision requiring to be in writing "a special promise to answer for the debt, default or miscarriage of another, ...." *Id.* at 523. The case does not stand for the proposition that oral agreements to pay attorneys' fees are excepted from the statute. Even less does it stand for any proposition that an alleged agreement to *share* legal fees are excepted from the statute of frauds. *Beaupre* is not only not authoritative, but is inapposite.

The Florida statute of frauds does not make exceptions for particular categories of contracts for which its requirements of writings apply -- attorney fee contracts or otherwise. Absent valid authority to the contrary, it applies here. As Plaintiff does not dispute that the oral agreement he alleges was expected and intended to last for more than a year, and has otherwise not demonstrated any genuine issue of material fact that this alleged oral agreement is indeed barred by the Florida statute of frauds, final summary judgment is appropriate as a matter of law on this issue as well.

## CONCLUSION

Plaintiff's memorandum in opposition does not controvert the material facts set out in Defendants' Motion. Plaintiff does not dispute the alleged oral agreement he seeks to enforce violates the Florida Rules of Professional Conduct; nor that it is an oral agreement intended to last for more than a year. Plaintiff raises no genuine issues of material fact upon which summary judgment may be precluded. There being no genuine issue of material fact in dispute,



Defendants are entitled to Final Summary Judgment as a matter of law upon either or both grounds asserted.

Respectfully submitted,

FERRELL LAW, P.A.

By: _____
Bryan R. Cleveland
Florida Bar No. 0801984
brc@ferrellworldwide.com
Joseph Beeler
Florida Bar No. 0130990
jb@ferrellworldwide.com
201 South Biscayne Boulevard
34th Floor, Miami Center
Miami, Florida 33131
Phone: (305) 371-8585;
Fax: (305) 371-5732

Attorneys for Defendants Garland, Samuel
& Loeb P.C. and Edward T.M. Garland

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by mail this 9th day of June, 2006 upon:

Mary Margaret Schneider
Levey, Airan, Shevin, Roen, Kelso, Corona & Herrera LLP
Gables One Tower, Penthouse
1320 South Dixie Highway
Coral Gables, FL 33146
Telephone No. (305) 661-6664
Facsimile No. (305) 661-6477
Attorneys for Plaintiff

_____



Page 10